IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELLI THOMAS,

    Plaintiff,

vs.

NANCY A. BERRYHILL,

Acting Commissioner of the
Social Security Administration,

    Defendant.

:
:
: Case No. 3:15-cv-438
:
: JUDGE WALTER H. RICE
:
: MAGISTRATE JUDGE
: SHARON L. OVINGTON
:
:
:

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #17) IN THEIR
ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC.
#18) ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF
DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION, AND AGAINST PLAINTIFF KELLI
THOMAS, AFFIRMING COMMISSIONER'S DECISION THAT PLAINTIFF
WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS
UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff Kelli Thomas ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On May 12, 2016, Chief Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #7, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be affirmed.

Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #17, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #7, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations in their entirety and OVERRULES Plaintiff's Objections, Doc. #18, to said judicial filing. The Court, in so doing, affirms the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act. Consequently, the Court orders the entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S.

197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

3

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The decisions of the Administrative Law Judge ("ALJ") to assign minimal weight to the opinion of Plaintiff's treating physician, Dr. Maria Lopez-Blaza, and substantial weight to the Commissioner's consultative physicians, Drs. Anne Prosperi and William Bolz, Doc. #7-2, PAGEID #76-77, were supported by substantial evidence. The ALJ noted that Dr. Lopez-Blaza's conclusion that Plaintiff was unable to work was based on the results of a magnetic resonance imaging ("MRI") from 2011. However, the MRI "showed only a mild condition of degenerative disc disease and osteoarthritis." Id., PAEGID #77. Inconsistency with evidence of record is an appropriate reason to discount a treating source opinion. 20 C.F.R. § 404.1527(c)(2, 4). Moreover, and contrary to Plaintiff's Objections, Doc. #18, PAGEID #792, the ALJ did not reject Dr. Lopez-Blaza's opinion; rather, she incorporated several of Dr. Lopez-Blaza's opined limitations into Plaintiff's residual functional capacity ("RFC"). Doc. #7-2, PAGEID #74; Doc. #7-7, PAGEID #447. The ALJ's decision to give some, but not controlling or deferential, weight to Dr. Lopez-Blaza's opinion was sufficient to satisfy two-step process for assigning weight to a medical opinion, 20 C.F.R. § 404.1527(c), and will not be disturbed.

The ALJ's conclusion that the opinions of Drs. Prosperi and Bolz were entitled to significant weight, Doc. #7-2, PAGEID #76, is well-supported by evidence of record. For instance, and as noted by the Magistrate Judge, Dr. Prosperi cited to specific medical evidence of record (*e.g.*, MRI results, reports from a consultative examination with a neurologist) in assessing occupational limitations that, the ALJ concluded, did not foreclose a significant number of jobs in the national economy. Doc. #17, PAGEID #779

4

(citing Doc. #7-3, PAGEID #116). Dr. Bolz cited medically determinable impairments in assessing Plaintiff's postural and environmental limitations. Doc. #7-3, PAGEID #142-44. The ALJ relied on the assessments of Drs. Prosperi and Bolz to support her express conclusion that their opinions were "consistent with the objective medical evidence in the record . . . , and they provided a persuasive supporting rationale for their opinion[s]." Doc. #7-2, PAGEID #76. The consistency of the opinions with other evidence of record and, Drs. Prosperi and Bolz providing explanations for their decisions, are valid considerations in weighing non-examining medical opinions. 20 C.F.R. § 404.1527(c)(3-4). Moreover, the ALJ did not simply adopt Drs. Prosperi and Bolz's opined limitations, Doc. #7-3, PAGEID #116-117, 142-44, without further explanation; rather, she included limitations in Plaintiff's RFC beyond those opined by the consultative physicians. Doc. #7-2, PAGEID #74. Thus, the ALJ's weighing of medical opinions is not a ground on which to reverse the Commissioner's decision.

2. The ALJ explained that, in concluding that Plaintiff's statements regarding more severe restrictions were "not entirely credible," she considered Plaintiff's testimony about his activities of daily living, and found that the objective medical evidence did not support Plaintiff's claim that he was unable to lift, carry, stand, walk or sit, such that he was precluded "from performing a range of work at the light exertion level." Doc. #7-2, PAGEID #75. Further, despite Plaintiff's history of neurological treatment, the ALJ noted that the objective medical evidence had consistently shown only mild to moderate limitations, "with no muscle weakness, atrophy, reflex or neurological deficits, or significant limitation in range of motion." Id. Despite these largely normal findings, the

5

ALJ did find Plaintiff's claims of disabling impairment to be credible to at least some degree, and incorporated limitations on climbing and proximity to hazardous machinery. *Id.*, PAGEID #76. "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference," *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); as there is no compelling reason to disturb those findings, they must be upheld. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the Chief Magistrate Judge, Doc. #17, in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence. Plaintiff's Objections to said judicial filing, Doc. #18, are overruled. Judgment will be ordered entered in favor of the Defendant Commissioner and against Plaintiff herein, affirming the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

February 21, 2017

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT